## WILLIAM L. DUNCAN *vs.* STEPHEN HOGUE.

That which both parties to a contract have assented to, must be regarded as a fair agreement; and when one party assents to a contract relying upon the representations made by the other, his assent is given upon condition that the representations are true.

The answer to the petition in this case presented a proper issue to be tried by a jury, and the court should have granted the issue prayed for.

The petitioner's remedy in a case like this would be made complete by a bill in equity against all the parties concerned.

The probate court can take no jurisdiction over any of the parties except those to the bond, their executors and administrators.

IN error from the probate court of Tishamingo county; Hon. E. C. Gillinwaters, judge of the probate court.

Stephen Hogue, the appellee, on the 12th of August, 1850, filed his petition in the probate court of Tishamingo county, setting forth, that on the 14th of November, 1841, he purchased from Horace Warren, the east half of section 14, T. 3, R. 10 E., and paid for the same, in connection with the N. W. quarter section 15, T. 3, R. 10 east, the sum of six hundred and twenty-one dollars; that a deed was made by said Warren for the said quarter section, and a bond for title, executed by said Warren, in a penalty of twelve hundred dollars, binding himself to make title to the said half section of land; the petition further states, that appellee paid the said sum of six hundred and twenty-one dollars, the consideration of said land, and that he has never received a title to said land from said Warren; that Warren has since departed this life, and that appellant

was appointed administrator of said Warren, and prays the court to order appellant, as administrator, to make to him, appellee, a title to said half section of land, according to statute. The bond executed by said Warren is filed as an exhibit, and the bond acknowledges the receipt of the sum of money above mentioned.

At the October term, 1850, of the court below, the appellant filed a protest or answer, alleging that the sale and purchase of the said land mentioned in appellee's petition was not fairly made; but, on the contrary, it was procured by fraud and misrepresentation on the part of appellee, with regard to a certain claim then and there held by the appellee upon the treasury department; that the said Warren, by these fraudulent representations, was induced by appellee to take said claim, which was of no value, in payment of the purchase-money of said land; that said claim was of no value, and was rejected by the proper officers of the government. The answer prays that appellee may be made a party to the protest or answer, and compelled to answer on oath, and if he answers that the sale was fairly made, that then, and in that event, an issue be caused to be made out, and sent to the circuit court, to be determined by a jury whether the sale was fairly made. To this answer and protest, or cross-bill, whichever it may be determined to be, the appellee filed an answer denying all fraud and misrepresentation whatever, and also denying that the said Warren was induced by any fraud or misrepresentation on appellee's part, to take the said claim in consideration of, and for payment for the said lands; that appellee purchased the two tracts of land above mentioned of said Warren, and did let him have in part payment a claim on the general post-office department; that the claim had not been allowed at that time, and that Warren took the claim at his own risk; that a much higher price was paid for said lands, in consequence of the risk on said claim; indeed, a higher price than the lands were worth. That the said sale was fairly made, and the reason a title was not made at the time was, because Warren had not at that time the legal title. Appellant offered a record in answer, in reply to the answer of appellee, which answer was rejected by the court; to which

rejection the appellant excepted, and tendered his bill of exceptions. The court then decreed, that the appellant should make and execute a title to said land to appellee.

Reynolds and Kinyon, for appellant.

Guion, on the same side.

Word and G. R. Freeman, for appellee, filed an elaborate written argument.

Mr. Justice FISHER delivered the opinion of the court.

The appellee filed his petition in the probate court of Tishamingo county, against William L. Duncan, as administrator of the estate of Horace Warren, deceased, to compel the said administrator to make the petitioner a title to certain lands situated in said county, and which the intestate, by his title bond, executed in 1841, covenanted to convey to the petitioner.

The answer of the administrator sets forth, that the petitioner practised a fraud on the intestate in making payment for said lands, by transferring to him certain claims, which he represented to be valid, on the post-office department of the United States, when, in truth, said claims were wholly worthless, and have never been allowed by the department.

The petitioner by his replication, admits that he made the payment in said claims, but says that the petitioner was to take them at his own risk. The replication further alleges, that petitioner paid more than the land was worth, as an inducement for the intestate to assume all the risk in obtaining an allowance by the post-office department in payment of said claims.

In this state of the case, an application was made to the probate court for an issue, to be sent to the circuit court of said county, to be tried by a jury therein. The record, as to the action of the court on this application, is entirely silent.

The administrator presented an amended answer, setting forth that he had sold the said land, as administrator, in 1850, under an order of said court, which answer was by the court

57 *

rejected, and a decree made, requiring the administrator to execute a deed according to the condition of the bond.

The question for decision is, whether under the facts recited this order is erroneous?

The statute says, that if the court shall find that the sale was fairly made, they shall order the administrator, &c. to make title according to the tenor of the bond or other written agreement. Hutch. Code, 671.

That which both parties have assented to must be regarded as a fair contract. When one party assents to a contract, relying upon representations made by the other, all must understand that the assent is given upon condition that the representations are true. If the representations thus made to procure the party's assent turn out to be untrue, then it may be said, that such assent was fraudulently obtained; in which event this part of the contract will be voidable, at the option of the injured party.

The question, therefore, presented by the first answer of the administrator, was, whether the vendor's assent to take the claims on the post-office department was fraudulently obtained? If so, they would not be regarded in law as a payment for the land. This answer presented a proper question to be tried by a jury; and, in our opinion, the court should have granted the issue as prayed for.

The case presented by the second answer is, that the administrator had sold the land under an order of the probate court, before the petition was filed. Whether *the purchaser at this* sale acquired a good title, is a question of fact, whether such purchaser had notice of the petitioner's equitable title. Under the state of facts presented by this answer, the petitioner's remedy would certainly be more complete by bill in equity against all parties concerned, as the probate court can take no jurisdiction over any, except the parties to the bond, their executors or administrators. The statute is silent as to making the heirs parties.

Believing that the court should have granted the issue to a jury, we reverse the decree, and remand the cause, leaving the party to his option as to his remedy in equity.